# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNIE BROWN, | 1:09-cv-01748 AWI GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JAMES D. HARTLEY, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## RELEVANT HISTORY[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation (CDCR) following his conviction in Los Angeles County Superior Court in 1988 of second degree murder with use of a firearm. Petitioner is serving a sentence of fifteen years to life with the possibility of parole.

Petitioner does not challenge his underlying conviction; rather, he claims the Board of Parole Hearings (Board) violated his due process rights in its 2008 decision finding him unsuitable for parole, because there was no evidence to support the finding that he currently

---

[1] This information is taken from the state court documents attached to Respondent's answer and are not subject to dispute.

1  posed an unreasonable risk of danger to the public if released.

2      Petitioner filed a habeas court petition challenging the Board's 2008 decision in the Los
3  Angeles County Superior Court on September 5, 2008.  The petition was denied in a reasoned
4  decision on November 4, 2008.  Petitioner then filed a state habeas petition in the California
5  Supreme Court.  The petition was summarily denied on June 10, 2009.

6      Petitioner filed the instant federal petition for writ of habeas corpus on October 5, 2009.
7  Respondent filed an answer to the petition on February 18, 2010.  Petitioner filed a traverse on
8  March 25, 2010.

## STATEMENT OF FACTS[2]

10     The record reflects that Petitioner was involved in several incidents with the victim,
11 David Williams, prior to the commitment offense.  The victim's mother had previously smashed
12 Petitioner's car windshield, so he pushed her to the ground.  Subsequently, the victim hit
13 Petitioner in the head with a brick, resulting in a gash that required several stitches.  The day after
14 that encounter, Petitioner armed himself with a gun and confronted the victim at his home.
15 Witnesses testified that as the victim began to walk away, Petitioner shot him in the back,
16 causing the victim to fall to the ground.  Petitioner then stood over the victim and shot him in the
17 head, killing him.  Petitioner claims that the victim had threatened him with a gun on a previous
18 occasion and that he was demanding that Petitioner pay his mother's doctor's bills.  Petitioner
19 also claims that the victim reached for a gun in his waistband before Petitioner shot him.

## DISCUSSION

21 I.    Standard of Review

22     On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
23 of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its
24 enactment.  Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries
25 v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th
26 Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy,

---

[2] This information is taken from the opinion of the superior court.

2

521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Petitioner is in custody of the California Department of Corrections and Rehabilitation pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *citing* White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004) ("Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging [her] underlying state court conviction.'").

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409. Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a

state court decision is objectively unreasonable.  See Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir.2003); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

II.     Review of Petition

There is no independent right to parole under the United States Constitution; rather, the right exists and is created by the substantive state law which defines the parole scheme.  Hayward v. Marshall, 603 F.3d 546, 559, 561 (9th Cir. 2010) (en banc) (citing Bd. of Pardons v. Allen, 482 U.S. 369, 371 (1987); Pearson v. Muntz, No. 08-55728, 2010 WL 2108964, * 2 (9th Cir. May 24, 2010) (citing Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005)); Cooke v. Solis, No. 06-15444, 2010 WL 2330283, *6 (9th Cir. June 4, 2010). "[D]espite the necessarily subjective and predictive nature of the parole-release decision, state statutes may create liberty interests in parole release that are entitled to protection under the Due Process Clause." Bd. of Pardons v. Allen, 482 U.S. at 371.

In California, the Board of Parole Hearings' determination of whether an inmate is suitable for parole is controlled by the following regulations:

> (a) General. The panel shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for a denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison.
>
> (b) Information Considered. All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

Cal. Code Regs. tit. 15, §§ 2402(a) and (b).  Section 2402(c) sets forth circumstances tending to demonstrate unsuitability for release.  "Circumstances tending to indicate unsuitability include:

> (1) Commitment Offense.  The prisoner committed the offense in an especially heinous, atrocious or cruel manner.  The factors to be considered include:
>
> > (A) Multiple victims were attacked, injured or killed in the same or separate incidents.
> > (B) The offense was carried out in a dispassionate and calculated manner,

4

    such as an execution-style murder.
    (C) The victim was abused, defiled or mutilated during or after the offense.
    (D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.
    (E) The motive for the crime is inexplicable or very trivial in relation to the offense.

  (2) Previous Record of Violence.  The prisoner on previous occasions inflicted or attempted to inflict serious injury on a victim, particularly if the prisoner demonstrated serious assaultive behavior at an early age.

  (3) Unstable Social History.  The prisoner has a history of unstable or tumultuous relationships with others.'

  (4) Sadistic Sexual Offenses.  The prisoner has previously sexually assaulted another in a manner calculated to inflict unusual pain or fear upon the victim.

  (5) Psychological Factors.  The prisoner has a lengthy history of severe mental problems related to the offense.

  (6) Institutional Behavior.  The prisoner has engaged in serious misconduct in prison or jail.

Cal. Code Regs. tit. 15, § 2402(c)(1)(A)-(E),(2)-(9).

  Section 2402(d) sets forth the circumstances tending to show suitability which include:

  (1) No Juvenile Record.  The prisoner does not have a record of assaulting others as a juvenile or committing crimes with a potential of personal harm to victims.

  (2) Stable Social History.  The prisoner has experienced reasonably stable relationships with others.

  (3) Signs of Remorse.  The prisoner performed acts which tend to indicate the presence of remorse, such as attempting to repair the damage, seeking help for or relieving suffering of the victim, or indicating that he understands the nature and magnitude of the offense.

  (4) Motivation for Crime.  The prisoner committed his crime as a result of significant stress in his life, especially if the stress has built over a long period of time.

  (5) Battered Woman Syndrome.  At the time of the commission of the crime, the prisoner suffered from Battered Woman Syndrome, as defined in section 2000(b), and it appears the criminal behavior was the result of that victimization.

  (6) Lack of Criminal History.  The prisoner lacks any significant history of violent crime.

  (7) Age.  The prisoner's present age reduces the probability of recidivism.

  (8) Understanding and Plans for Future.  The prisoner has made realistic plans for release or has developed marketable skills that can be put to use upon release.

  (9) Institutional Behavior.  Institutional activities indicate an enhanced ability to function within the law upon release.

5

Cal. Code Regs. tit. 15, § 2402(d)(1)-(9)

The California parole scheme entitles the prisoner to a parole hearing and various procedural guarantees and rights before, at, and after the hearing. Cal. Penal Code § 3041.5. If denied parole, the prisoner is entitled to subsequent hearings at intervals set by statute. Id. In addition, if the Board or Governor find the prisoner unsuitable for release, the prisoner is entitled to a written explanation. Cal. Penal Code §§ 3041.2, 3041.5. The denial of parole must also be supported by "some evidence," but review of the Board's or Governor's decision is extremely deferential. In re Rosenkrantz, 29 Cal.4th 616, 128 Cal.Rptr.3d 104, 59 P.3d 174, 210 (2002).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals recently held California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d at 561-563; Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010). Therefore, under 28 U.S.C. § 2254, this Court's ultimate determination is whether the state court's application of the some evidence rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

The applicable California standard "is whether some evidence supports the *decision* of the Board or the Governor that the inmate constitutes a current threat to public safety, and not merely whether some evidence confirms the existence of certain factual findings." In re Lawrence, 44 Cal.4th 1181, 1212 (2008) (emphasis in original and citations omitted). As to the circumstances of the commitment offense, the Lawrence Court concluded that

> although the Board and the Governor may rely upon the aggravated circumstances of the commitment offense as a basis for a decision denying parole, the aggravated nature of the crime does not in and of itself provide some evidence of current dangerousness to the public unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state, indicates that the implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative to the statutory determination of a continuing threat to public safety.

Id. at 1214.

In addition, "the circumstances of the commitment offense (or any of the other factors

related to unsuitability) establish unsuitability if, and only if, those circumstances are probative to the determination that a prison remains a danger to the public. It is not the existence or nonexistence of suitability or unsuitability factors that forms the crux of the parole decision; the significant circumstance is how those factors interrelate to support a conclusion of current dangerousness to the public." In re Lawrence, 44 Cal.4th at 1212.

"In sum, a reviewing court must consider 'whether the identified facts are *probative* to the central issue of *current* dangerousness when considered in light of the full record before the Board or the Governor.'" Cooke v. Solis, 606 F.3d 1206, 1214 (9th Cir. 2010) (emphasis in original) (citing Hayward v. Marshall, 603 F.3d at 560).

      A.      Last Reasoned State Court Decision

In the last reasoned decision, the Los Angeles County Superior Court rejected Petitioner's claims as follows:

> The Board found the Petitioner unsuitable for parole after a parole consideration hearing held on March 10, 2008. The Petitioner was denied parole for three years. The Board concluded that the Petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety. The Board based its decision on several factors, including the commitment offense and his institutional behavior.
>
> The Court finds that there is some evidence to support the Board's finding that the commitment offense was carried out in a dispassionate and calculated manner. Cal Code Regs., tit. 15 § 2402, subd. (c)(1)(B). Although the Petitioner had been attacked by the victim previously, the victim had not encountered him in any way on the day of the offense. Nevertheless, the Petitioner armed himself with a gun in order to confront the victim and then shot him in the back as he was walking away. The Petitioner then stood over the wounded victim and shot him in an execution-style manner, killing him. After a long period of time, a commitment offense may no longer indicate a current risk of danger to society in light of a lengthy period of positive rehabilitation. [Citation.] However, as discussed below the Petitioner's institutional behavior demonstrates continued violence and misconduct and a lack of substantial rehabilitation. In cases, such as this one, where other factors indicate a lack of rehabilitation, the aggravated circumstances of the offense may provide some evidence of current dangerousness, even decades after it is committed. [Citation.]
>
> The Court finds that there is some evidence to support the Board's finding that the Petitioner's institutional behavior weighs against his suitability. Cal. Code Regs., tit. 15, § 2402, subd. (c)(6). The Petitioner has received four serious 115s in prison, including three for violent, or potentially violent conduct. He was cited for possessing a dangerous weapon in 1988, for fighting in 1991 and for mutual combat as recently as 2003. The Petitioner's continued and somewhat recent violence in prison demonstrates a lack of rehabilitation.
>
> The Board also considered the Petitioner's limited substance abuse programming,

given his history of alcohol abuse, his failure to create a reasonable relapse-prevention plan, as well as his psychological report, which indicated that he presents a moderate risk of future violence. While these factors, alone, may not justify a finding of unsuitability, the Board may properly consider them as they are relevant to a determination of whether the Petitioner is suitable for parole. Cal. Code Regs., tit. 15, § 2402(b).

The Board also considered the Petitioner's post-conviction gains, including obtaining his GED, earning a vocation in mill and cabinet and a partial vocation in computers, receiving exceptional work reports, participating in some self-help correspondence courses and sporadically participating in Alcoholics or Narcotics Anonymous. However, they still concluded that the Petitioner would pose an unreasonable threat to public safety. Penal Code § 3041(b). The Court finds that there is some evidence to support this determination because of his commitment offense, in light of his continued pattern of violence and lack of substantial rehabilitation in prison.

The Court finds that the Board did not err in denying the Petitioner parole for a period of three years. The Board must articulate reasons that justify a postponement, but those reasons need not be completely different from those justifying the denial of parole. [Citation.] The Board indicated that the Petitioner was denied parole for three years because of his commitment offense, his limited programming, the Board's finding that he was not forthcoming at the hearing, as well as his psychological report's conclusion that a longer period of observation was necessary. These reasons were sufficient to justify a three-year denial.

(See Attachments to Petition.)

B.  2008 Board Hearing

As discussed by the superior court, *supra*, the Board found Petitioner unsuitable for parole at his March 10, 2008, parole consideration hearing based on the circumstances of the commitment offense, unstable social history, institutional misconduct, lack of programming, and unsupportive psychological evaluation.

The commitment offense involved Petitioner arming himself beforehand and confronting the victim. Petitioner shot the victim in the back as the victim was retreating. As the victim fell to the ground, Petitioner stood over him and shot him in the head, killing him. The Board determined the offense was carried out in a calculated, dispassionate, and execution-style manner. Cal. Code Regs. tit. 15, § 2402(c)(1)(B).

The Board further noted Petitioner had an unstable social history. Cal. Code Regs. tit. 15, § 2402(c)(3). Petitioner had been subjected to sexual abuse as a child, had run away, and had committed a couple of thefts.

The Board next determined that Petitioner had not programmed sufficiently while incarcerated. He had a history of alcohol abuse, but he had only limited substance abuse

programming. In addition, the psychological report was not supportive of release. Petitioner was placed in the moderate risk range for future violence. These factors can be considered as they are relevant to a finding of suitability. Cal. Code Regs. tit. 15, § 2402(b).

Finally, the Board determined that Petitioner's negative institutional behavior which included violence demonstrated he was not suitable for parole. Cal. Code Regs. tit. 15, § 2402(c)(6). He committed four serious rules violations, three of them for violent or potentially violent conduct. In 1988, he was cited for possession of a weapon. In 1991, he was cited for fighting. More recently in 2003, he was found guilty of mutual combat.

After the considering the factors in favor of suitability, the Board concluded that the positive aspects of Petitioner's behavior did not outweigh the factors of unsuitability. In light of the circumstances of Petitioner's commitment offense, his institutional misconduct, his limited programming, his unstable social history, and the unfavorable psychological report, the state courts' determination that there was some evidence to support the Board's 2008 decision is not an unreasonable application of California's some evidence standard, nor an unreasonable determination of the facts in light of the record. Although Petitioner maintains that factors such as the commitment offense and unstable social history are too old to offer any value, they are relevant to predicting a risk of future violence when tied to Petitioner's violent institutional misconduct and unfavorable psychological report. Accordingly, federal habeas corpus relief is unavailable.

Petitioner also complains the Board was biased in its determination. Petitioner does have a due process right to a parole board that is composed of neutral and impartial decision-makers. O'Bremski v. Maas, 915 F.2d 418, 422 (9th Cir.1990) (an inmate is "entitled to have his release date considered by a Board that [is] free from bias or prejudice"). However, Petitioner's claim must be substantiated by the record. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) ("[c]onclusory allegations which are not supported by a statement of facts do not warrant habeas relief."). Here, petitioner offers no specific factual allegations with respect to the commissioners who presided over his hearing. Further, neither petitioner nor his attorney objected to the presiding commissioners when given the opportunity to do so at the hearing. Petitioner's claim is

unfounded.

Petitioner also claims the board's regulations regarding parole suitability are unconstitutionally vague. Petitioner specifically objects to the terms "especially heinous, callous, cruel, and brutal," found in Cal.Code Regs. tit. 15, § 2402(c).

A statute or regulation is void for vagueness "if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes or if it invites arbitrary and discriminatory enforcement." United States v. Doremus, 888 F.2d 630, 634 (9th Cir.1989). See also Humanitarian Law Project v. Mukasey, 509 F.3d 1122, 1134 (9th Cir.2007) ("To survive a vagueness challenge, the statute must be sufficiently clear to put a person of ordinary intelligence on notice that his or her contemplated conduct is unlawful.") "[A] party challenging the facial validity of [a law] on vagueness grounds outside the domain of the First Amendment must demonstrate that the enactment is impermissibly vague in all of its applications." Hotel & Motel Ass'n of Oakland v. City of Oakland, 344 F.3d 959, 972 (9th Cir.2003) (internal quotation marks omitted). Moreover, "[t]he Due Process Clause does not require the same precision in the drafting of parole release statutes as is required in the drafting of penal laws." Hess v. Board of Parole and Post-Prison Supervision, 514 F.3d 909, 914 (9th Cir.2008), *citing* Glauner v. Miller, 184 F.3d 1053, 1055 (9th Cir.1999).

The California parole release statute provides a list of five factors to be considered in determining whether a crime is especially "heinous, atrocious or cruel," including whether the offense was carried out in a dispassionate and calculated manner and whether the motive for the crime is inexplicable or very trivial in relation to the offense. California Code of Regulation Title 15, § 2402(c)(1)(A)-(E). Because the term "especially heinous, atrocious, or cruel" is further limited by these five detailed factors, it is not constitutionally vague. See, e.g., Arave v. Creech, 507 U.S. 463, 470-78 (1993) (Idaho death penalty statute which cited as an aggravating factor that the crimes were carried out in "utter disregard for human life" was not impermissibly vague because limiting construction had been adopted defining this factor as demonstrating "the utmost disregard for human life, i.e., the cold-blooded pitiless slayer"). Further, California Code of Regulation Title 15, § 2402(c)(1) has not been found to be unduly vague or overbroad under

federal law. Nor has clearly established federal law been found to preclude the use of terms such as "especially cruel" or "callous" as guidelines in parole suitability evaluations.

Petitioner's reliance on the California superior court decision in In re Criscione is misplaced. Since Criscione is a state superior court case, it is not binding on this Court. In addition, Criscione was reversed by the appellate court in In re Donald Ray Lewis, 172 Cal.App.4th 13 (2009). For the above reasons, Petitioner's challenge to California's parole statute on vagueness grounds must fail.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and
2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 27, 2010**           /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE